UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bernadine McWhorter, Charles Bragg,
Stephon Bragg and Lisa Burns,

     Plaintiffs,

v.                            REDACTED ORDER
                                Civil No. 04-4324 (MJD/SRN)

Officer Lucas Peterson, Officer Mark
Johnson, and the City of Minneapolis,

     Defendants.

_____

Debra Burns, as Trustee for
the heirs of Christopher Burns,
deceased,

     Plaintiff,

v.                            Civil No. 05-2704 (MJD/SRN)

City of Minneapolis, Officer Lucas
Peterson, and Officer Mark Johnson,

     Defendants.

_____

The above-entitled matter comes before the Court upon the McWhorter Plaintiffs' objections to the Report and Recommendation of United States Magistrate Judge Susan Richard Nelson dated September 28, 2007.

Pursuant to statute, the Court has conducted a _de novo_ review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review

the Court ADOPTS the Report and Recommendation dated September 28, 2007.

IT IS HEREBY ORDERED that:

1. Plaintiff Bernadine McWhorter's Petition for the Distribution of Settlement Funds [Doc. No. 39] in Case No. 04-4324 is GRANTED.

    a. As to the settlement in Case No. 04-4324, the $150,000 should be distributed as follows:

        i. The amount of $40,000 to Lisa Burns, surviving daughter of Christopher Burns;

        ii. The amount of $20,000 to Bernadine McWhorter, fiancé of Christopher Burns;

        iii. The amount of $15,000 to Charles Bragg, son of Bernadine McWhorter;

        iv. The amount of $15,000 to Stephon Bragg, son of Bernadine McWhorter;

        v. The amount of $44,236.18 to the Law Offices of Blake Horwitz, as attorney's fees;

        vi. The amount of $14,788.82 to the Law Offices of Blake Horwitz, as reimbursement for advanced costs and disbursements; and

    vii. The amount of $975 to Peter J. Nickitas as attorney's fees.

  b. Lisa Burns, born on --------, 1998, is a minor who will reach the age of majority on --------, 2016.  Accordingly, the sum of $40,000 payable to Lisa Burns should be allocated in the following manner:

    i. The amount of $4,500 should be paid to Lisa Ann Burns and placed in a savings account at TCF Bank, 493 Torrence Avenue, Calumet City, Illinois, 60409, in the name of Lisa Ann Burns, Social Security Number 2984, with the deposit documents left with the Court Administrator until --------, 2016, at which time the minor shall reach the age of majority.  Bernadine McWhorter should not be allowed access to the monies deposited in the account and should not be allowed to withdraw such sums without an Order of this Court.

    ii. The remaining amount with a present value of $35,500.00 shall be paid to Lisa Ann Burns via a structured settlement through Prudential

        Insurance Company of America with the following schedule:

            (a)  $18,500.00 on --------, 2016 (age 18).

            (b)  $22,000.00 on --------, 2019 (age 21).

            (c)  $28,629.66 on --------, 2023 (age 25).

   iii.    Bernadine McWhorter shall not have access to the monies deposited in the account and no payments shall be made other than as scheduled above in paragraphs i-ii.

c.    With respect to the distribution to be made to Charles Bragg, born --------, 1992, said individual is a minor reaching the age of majority on --------, 2010. Accordingly, the sum of $15,000.00 payable to Charles Bragg will be allocated in the following manner:

   i.    The amount of $1,000.00 shall be paid to Charles William Bragg and placed in a savings account at TCF Bank, 493 Torrence Avenue, Calumet City, Illinois, 60409 in the name of Charles William Bragg, SSN 8931, with the deposit documents left with the Court Administrator until --------, 2010, at

        which time the minor shall reach the age of majority.  Parents of the minor shall not have access to the monies deposited in the account and no sums shall be withdrawn without Order of this Court prior to --------, 2010.

  ii.    The remaining amount with a present value of $14,000.00 shall be paid to Charles William Bragg via a structured settlement through Prudential Insurance Company of America with the following schedule:

        (a) $5,100.00 on --------, 2010 (age 18).

        (b) $6,100.00 on --------, 2013 (age 21).

        (c) $7,961.90 on --------, 2017 (age 25).

  iii.    Parents of the minor shall not have access to the monies deposited in the account and no payments shall be made other than as scheduled above in paragraphs i-iii.

d.    With respect to the distribution to be made to Stephon Bragg, born --------, 1994, said individual is a minor reaching the age of majority on --------, 2012.

Accordingly, the sum of $15,000.00 payable to Stephon Bragg will be allocated in the following manner:

    i.    The amount of $1,500.00 shall be paid to Stephon Christopher Bragg and placed in a savings account at TCF Bank, 493 Torrence Avenue, Calumet City, Illinois, 60409 in the name of Stephon Christopher Bragg, SSN 6023, with the deposit documents left with the Court Administrator until --------, 2012, at which time the minor shall reach the age of majority.  Parents of the minor shall not have access to the monies deposited in the account and no sums shall be withdrawn without Order of this Court prior to --------, 2012.

    ii.    The remaining amount with a present value of $13,500.00 shall be paid to Stephon Christopher Bragg via a structured settlement through Prudential Insurance Company of America with the following schedule:

      (a) $5,500.00 on --------, 2012 (age 18).

      (b) $6,600.00 on --------, 2015 (age 21).

      (c) $8,422.92 on --------, 2019 (age 25).

   iii. Parents of the minor shall not have access to the monies deposited in the account and no payments shall be made other than as scheduled above in paragraphs i-iii.

 e. Bernadine McWhorter, as mother and guardian of all minors, will be responsible for seeing that annual tax returns, if needed, are prepared until above said dates of final distribution.

 f. That upon this order approving the distribution of the settlement funds and actual distribution thereof, Bernadine McWhorter be discharged as trustee.

 g. Since the distribution will be made by the City of Minneapolis directly to the designated recipients in care of their attorneys, the Law Offices of Blake Horwitz, no bond shall be required of Bernadine McWhorter.

2. Plaintiff Debra Burns' Petition for Distribution of Settlement Funds [Doc. No. 13 in Case No. 05-2704] should be GRANTED

IN PART AND DENIED IN PART as set forth fully in the body of the Report and Recommendation [Doc. No. 23].

a. As to the settlement in Case No. 05-2704, the $150,000 should be distributed as follows:

   i. The amount of $90,000 to Plaintiff Debra Burns, surviving spouse of Christopher Burns, and Keli Burns, surviving adult daughter of Christopher Burns; and

   ii. The amount of $60,000 to the law firm of Barry V. Voss, P.A.

b. Plaintiff Debra Burns should be discharged as trustee in this matter.

c. Plaintiff Debra Burns should not be required to post a bond as trustee.

Dated: November 20, 2007

s / Michael J. Davis
JUDGE MICHAEL J. DAVIS
United States District Court